UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THERESA IZZO,

      Plaintiff,

v.                                                                 Case No. 8:15-cv-460-T-24 MAP

SOUTH FLORIDA BARBEQUE OF
BUSCH, INC.,

      Defendant.
_____/

## ORDER

      This cause comes before the Court on Defendant's Motion to Set Aside Clerk's Default. (Doc. No. 21). As explained below, the motion is granted.

      Plaintiff filed suit against Defendant on March 3, 2015. (Doc. No. 1). Prior to filing suit, Plaintiff's counsel had been in communication with Defendant's counsel in November 2014, December 2014, and January 2015. (Doc. No. 11-2, p. 5).

      When Plaintiff filed her Motion for Entry of Clerk's Default, the Return of Service indicated that the process server attempted to serve the Registered Agent and then served Ashley Hammock, Defendant's manager. (Doc. No. 8-1). The Certificate of Service for the Motion for Entry of Clerk's Default contained the correct address for Defendant's Registered Agent, and as a result, the Clerk entered Default against Defendant on April 28, 2015. (Doc. No. 8, 9). Thereafter, Plaintiff filed a Return of Non-Service for her attempted service on Defendant's Registered Agent; however, it contained Defendant's mailing address, not its Registered Agent's address. (Doc. No. 10).

      Plaintiff's counsel did not discuss the existence of the suit with defense counsel until

May 28, 2015. (Doc. No. 21, ¶ 14). It is unclear as to why Plaintiff's counsel did not communicate directly with Defendant's counsel about the filing of the suit prior to May 28th.

On May 28, 2015, Defendant's counsel filed a Notice of Appearance. (Doc. No. 16). Currently pending before the Court is Defendant's Motion to Set Aside Clerk's Default, in which Defendant argues that it was not properly served. (Doc. No. 21). Based on the evidence before the Court, the Court agrees with Defendant that it was not properly serviced.[1] Therefore, the Court agrees that the entry of default must be vacated.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion to Set Aside Clerk's Default (Doc. No. 21) is **GRANTED**.

(2) The Clerk is directed to **VACATE** the entry of default (Doc. No. 9).

(3) The Court **DENIES AS MOOT** the pending motion for default judgment (Doc. No. 11).

(4) The Court cancels the evidentiary hearing on the motion for default judgment that was scheduled for June 24, 2015 at 10:00 a.m.

(5) Defendant is directed to file a response to the complaint by July 6, 2015.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of June, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

---

[1] Even if service had been proper, it appears that there will be no prejudice to Plaintiff going forward with the action on its merits, the period of delay is relatively short, and this Court prefers to reach the merits of the case as opposed to decide it on a technicality.